IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED CENTRAL BANK, a Texas Banking Association, Organized and Existing as a Texas Corporation,** <br><br> Plaintiff, <br><br> v. <br><br> **JERRY L. FINDLEY and SHANDRA M. FINDLEY,** <br><br> Defendants. | **Case No. 12 C 1405** <br><br> **Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment [ECF No. 17]. For the reasons stated herein, the Court grants Plaintiff's Motion.

### I. BACKGROUND

On May 3, 2007, Defendants Jerry L. Findley ("Mr. Findley) and Shandra M. Findley ("Mrs. Findley") took out a mortgage loan from Mutual Bank, for a property known commonly as 1711 and 1713 Grey Avenue, Evanston, Illinois (the "Property"). The Mortgage Agreement, signed by Mr. and Mrs. Findley (hereinafter, collectively, "the Findleys"), established the terms of the Note that Mr. Findley executed. The original principal amount of the Note was $671,650.00. Beginning on June 3, 2007, the Findleys were required to make monthly mortgage payments on the third of every consecutive month until the total loan plus interest was paid off.

On July 31, 2009, Mutual Bank was closed by the Illinois Department of Financial Professional Regulation-Division of Banking, which appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver for Mutual Bank. That same day, the FDIC sold and assigned substantially all of Mutual Bank's assets, including the Findleys' promissory notes, loan agreements and personal guarantees, to Plaintiff United Central Bank (hereinafter, "UCB" or "Plaintiff"). UCB is a Texas banking association organized and existing as a Texas corporation.

On February 3, 2011, the Findleys failed to make the required monthly mortgage payment for the Property. Following this initial default, Defendants did not make any other payments toward the mortgage loan. On July 3, 2011, another default occurred when the loan matured and the Defendants failed to pay the whole amount outstanding.

UCB filed this action on February 28, 2012, asserting two claims against the Findleys. *See,* ECF No. 1. In Count I, UCB seeks foreclosure of the mortgage against the Property. Count II, asserted in the alternative, seeks judgment against Mr. Findley based on his default under the terms of the Note that evidenced the loan.

Defendants, *pro se*, filed their joint Answer on March 21, 2012 and their joint Amended Answer on April 2, 2012. *See,* ECF Nos. 6 and 7. Mr. Findley admitted that he executed the loan documents, including the Mortgage, Assignment of Rents and Leases, and Note.

However, the Findleys denied allegations concerning the loan default, performance and amounts outstanding.

On November 9, 2012, Plaintiff moved for summary judgment as to both counts. *See,* ECF No. 17. Defendants failed to respond to this Motion; however, Plaintiff failed to send proper notice to Defendants pursuant to Local Rule 56.2. The Court thus ordered Plaintiff to provide Defendants notice in the manner required by Local Rule 56.2. *See,* ECF No. 22. Plaintiff filed the required notice on May 22, 2013. *See,* ECF No. 23. In light of the new notice, the Court gave Defendants another opportunity to file a response to Plaintiff's Motion for Summary Judgment by June 21, 2013. *See,* ECF No. 22. Defendants again failed to respond, and no response has been filed as of this date.

## II.  LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See, Jay v. Internet Wagner Inc.*, 233 F.3d 1014, 1016 (7th Cir. 2000).

The Local Rules of this District state the parties' obligations with respect to motions for summary judgment:

> Each party opposing a motion filed pursuant to FED R. CIV. P. 56 shall serve and file (1) any opposing affidavits and other materials referred to in FED. R. CIV. P. 56(e); (2) a supporting memorandum of law; and (3) a concise response to the movant's statement. . . .

*See,* L.R. 56.1(b). Where a party fails to respond to a motion for summary judgment, the Court may exercise its discretion properly and rule on the merits of the unopposed motion. *Easley v. Kimsee*, 382 F.3d 693, 699 (7th Cir. 2004). To date no response has been filed after two attempts to elicit one. Having given Defendants ample opportunity to respond, the Court will exercise its discretion and rule on the merits of the unopposed motion.

### III. ANALYSIS

For purposes of determining whether a material issue of fact exists, uncontested allegations to which a party had an opportunity to respond are taken as true. *Flora v. Home Federal Sav. and Loan Ass'n*, 685 F.2d 209 (7th Cir. 1982).

The undisputed facts as presented by Plaintiff are that Defendants signed a Mortgage Agreement. The Mortgage secured a $671,650.00 loan to Defendants that was defaulted on when they stopped making payments on February 3, 2011. The loan matured and all principal and interest were due on July 3, 2011. Defendants have made no payments since the default, despite demands by Plaintiff.

UCB, as the holder of the Mortgage Agreement, is entitled to enforcement of the instrument, pursuant to Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq*. UCB is the holder of the indebtedness because on July 31, 2009, UCB acquired the Note and Mortgage after the Illinois Department of Financial Professional Regulation-Division of Banking closed down the original Mortgagee,

Mutual Bank. On the same day, FDIC, the Receiver for Mutual Bank, transferred the Note and Mortgage to UCB.

The factual record before this Court demonstrates that there are no genuine issues of material fact with respect to any elements of UCB's foreclosure claim. Plaintiff asserts: (1) Defendants had a mortgage; (2) they failed to pay; and (3) they defaulted. Defendants have put forth no evidence to contradict these facts.

For the reasons stated herein, the Court grants Count I of Plaintiff's Motion for Summary Judgment, seeking judgment of foreclosure and sale, and appointment of a sale officer. Plaintiff requests relief under Count II alternatively in the event the Court found against it on Count I. As the Court has found in UCB's favor on Count I, Count II is dismissed as moot.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment as to Count I is granted. *See,* ECF No. 17. Count II of Plaintiff's Complaint is dismissed as moot.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Date: September 26, 2013